[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 643.]

EDWARDS INDUSTRIES, INC., APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Edwards Industries, Inc. v. Tracy*, 1996-Ohio-156.]

*Taxation—Franchise tax—Calculating net worth of corporation—R.C. 5733.05, applied.*

(No. 94-1568—Submitted January 9, 1996—Decided March 1, 1996.)

APPEAL from the Board of Tax Appeals, No. 91-J-528.

_____

{¶ 1} On March 16, 1978, Edwards Industries , Inc., appellant, was incorporated. On March 17, 1978, the Edwards family, the sole shareholders of the J. T. Edwards Company ("JTE"), exchanged all their shares of JTE stock for an identical number of shares of stock of appellant. On the March 17, 1978 exchange date, JTE had retained earnings of $3,711,010.

{¶ 2} By following certain federal income tax guidelines, the Edwards family was able to exchange its shares of JTE for those of appellant with no federal tax liability and no increase in their tax basis. No money or other property was exchanged.

{¶ 3} Appellant adopted the equity method of accounting for its ownership of JTE stock. Appellant calculated and paid its 1987 franchise taxes based on its calculation of the net worth of its issued and outstanding shares of stock. In calculating its net worth for its 1987 franchise tax, appellant reduced the value of its issued and outstanding shares of stock by $3,711,010, claiming that that amount was excludable as appreciation under R.C. 5733.05(A)(4).

{¶ 4} For tax year 1987 the Tax Commissioner denied appellant's exclusion of the $3,711,070 as appreciation. Appellant appealed to the Board of Tax Appeals ("BTA"), which affirmed the Tax Commissioner. Appellant filed a notice of appeal with this court.

**{¶ 5}** This cause is now before this court upon an appeal as of right.

_____

*Squires, Sanders & Dempsey* and *Ted B. Clevenger,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Steven L. Zisser*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 6}** The sole issue presented by this case is whether or not appellant can deduct as appreciation the $3,711,010 in retained earnings that the equity method of accounting permitted it to include on its balance sheet as of the date of the transfer of the JTE stock.

**{¶ 7}** Accounting Principles Board Opinion No. 18, entitled "The Equity Method of Accounting for Investments in Common Stocks," summarizes the equity method of accounting in part as follows:

"An investor initially records an investment in the stock of an investee at cost, and adjusts the carrying amount of the investment to recognize the investor's share of earnings or losses of the investee after the date of the acquisition. *** The investment of an investor is also adjusted to reflect the investor's share of changes in the investee's capital ***."

**{¶ 8}** By adopting the equity method of accounting, appellant was able to include JTE's $3,711,010 of retained earnings as retained earnings on its consolidated balance sheet. Both before and after the exchange, the retained earnings of JTE continued to be carried on JTE's books

**{¶ 9}** R.C. 5733.05(A), which sets forth the method for calculating the net worth of a corporation, states that the following is one measure of the value of the issued and outstanding shares of stock:

"(A) The total value, as shown by the books of the company, of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of:

"***

"(4) Goodwill, *appreciation*, and abandoned property as set up in the annual report of the corporation ***." (Emphasis added.)

{¶ 10} There is no statutory definition of "appreciation." Webster's Third New International Dictionary (1986) 105-106 defines "appreciation" as an "increase in exchangeable value." Black's Law Dictionary (6 Ed. 1990) 101, has no definition of "appreciation," but defines "appreciation in value" as an "[i]ncrease in the market value of an asset (*e.g.*, real estate) over its value at some earlier time." Robert Birzer, a CPA from the accounting firm of Deloitte and Touche testifying on behalf of appellant, agreed that appreciation was "the increase in value over the cost or historical book value of an asset."

{¶ 11} Appellant's witnesses explained that appellant had two choices to account for the JTE stock transaction: the cost method or the equity method. By choosing the equity method of accounting, appellant was permitted to carry the full amount of JTE's retained earnings on its consolidated balance sheet at the time of the exchange. Under the cost method of accounting, which appellant elected not to use, it would not have been permitted to carry JTE's retained earnings on its consolidated balance sheet.

{¶ 12} Appellant's position is that when it traded its stock for that of JTE, the appreciation shown on JTE books became appreciation on its books, and excludable under R.C. 5733.05(A)(4).

{¶ 13} R.C. 1.42 requires that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Our review of R.C. 5733.05 and the definitions of appreciation set forth above leads us to the conclusion that "appreciation" as used in R.C. 5733.05 is an increase in value over

some period of time. Thus the initial amount of $3,711,010 shown on appellant's books did not represent excludable appreciation under R.C. 5733.05. The fact that under proper accounting and federal tax procedures appellant is allowed to carry the retained earnings of JTE on its books does not in any way turn JTE's retained earnings into excludable appreciation for Ohio franchise tax purposes.

{¶ 14} In this case, appellant started business with reported retained earnings of $3,711,010 as of March 17, 1978. Appreciation could be recognized by appellant if the retained earnings of JTE increased above $3,711,010. The Tax Commissioner recognized this in his certificate of final determination when he stated, "Since JTE's use of the equity method has resulted in both upward and downward deviations from costs, the amount to properly reflect on its books for franchise tax purposes must be adjusted to reflect the net amount. This then is the amount excludable as appreciation."

{¶ 15} While the retained earnings of JTE may have been properly handled from an accounting point of view, those procedures cannot create appreciation when there has been none. The concept of creation of instantaneous appreciation goes against the concept of appreciation as increase in value over time. For there to be an increase in value there must be a starting value against which the increase is measured. Appreciation is the difference between two values, and when, as in this case, there was only one value for retained earnings on March 17,1978, there could be no appreciation in retained earnings on that date.

{¶ 16} Appellant's argument, although not directly stated, appears to be that while JTE's stock was in the hands of the Edwards family it appreciated in the amount of $3,711,010; therefore, when the Edwards family transferred its stock to appellant, the appreciation went along with the stock ownership. While permissible accounting procedures allowed appellant to carry the retained earnings of JTE on its balance sheet, there could be no appreciation in the hands of appellant until after the stock became the property of appellant. Only if the retained earnings of JTE

increased in value after appellant owned the stock would there be appreciation that could be excluded by appellant for franchise tax purposes.

{¶ 17} Appellant chose not to adopt the cost method of accounting, which would have excluded the retained earnings of JTE. No witness could say why appellant chose the equity method of accounting rather than the cost method, but once it did, it was subject to all the ramifications resulting therefrom. In *Natl. Tube Co. v. Peck* (1953), 159 Ohio St. 98, 50 O.O. 74, 111 N.E.2d 11, this court held that the commissioner must take taxpayer's properly prepared books as he finds them. In this case the commissioner took appellant's books as he found them, and he found no appreciation on the initial financial statement. No appreciation occurred in the value of the JTE retained earnings until some time after the exchange date; therefore, the amount of $3,711,070 does not represent excludable appreciation for purposes of R.C. 5733.05.

{¶ 18} Accordingly, the decision of the BTA, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 19} The BTA's decision is unreasonable and unlawful because it results in double taxation. I accordingly dissent.

_____